

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-20-2007

# USA v. Dinzey

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2251

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Dinzey" (2007). *2007 Decisions*. Paper 21.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/21

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2251
_____

UNITED STATES OF AMERICA

vs.

ALLEN DINZEY
a/k/a MOW

Allen Dinzey,
                    Appellant

_____

On Appeal from the District Court of the Virgin Islands
(Division of St. Thomas and St. John)
(D.C. Criminal No. 05-cr-00076-3)
District Judge:  The Honorable Curtis V. Gomez
_____

Argued: December 10, 2007


BEFORE: SMITH, NYGAARD, and ROTH, Circuit Judges.


(Filed:  December 20, 2007)


Bernard M. VanSluytman, Esq. (Argued)
P. O. Box 6878
Charlotte Amalie, St. Thomas
USVI 00804

        Counsel for Appellant

Delia Smith, Esq. (Argued)
Office of the United States Attorney
United States Courthouse
5500 Veterans Building, Suite 260
Charlotte Amalie, St. Thomas
USVI, 00802-6924

      <u>Counsel for Appellee</u>

_____

OPINION OF THE COURT
_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Allen Dinzey, along with twelve co-defendants, was indicted in a multi-count indictment alleging drug conspiracy offenses. Dinzey was also charged with distribution of crack cocaine. During his trial, DEA Agent Mark Josephs' testimony raised a *Bruton* error.[1] The District Court declared a mistrial as to Dinzey. Dinzey then moved to dismiss the indictment, arguing that the prosecutor deliberately provoked a mistrial to preserve the opportunity for a second trial. The District Court denied Dinzey's motion and Dinzey has

---

    [1] In *Bruton v. United States*, 391 U.S. 123 (1968), Bruton and his co-defendant, Evans, were tried jointly before a jury. At trial, a federal officer testified that Evans had confessed to the robbery and had implicated Bruton in his confession. The judge instructed the jury that it should consider Evans' confession solely in determining Evans' guilt and that it should disregard the confession with regard to Bruton's involvement. The Supreme Court reversed Bruton's conviction, holding that the introduction of a non-testifying co-defendant's confession implicating Bruton violated the accused's right to confront witnesses secured by the Confrontation Clause of the Sixth Amendment. *Id.* at 126. *Id.* at 128; *see also United States v. Richards*, 241 F.3d 335, 340 (3d Cir. 2001).

now appealed. On appeal Dinzey raises one issue: whether the District Court's denial of his motion to dismiss the indictment violated his double jeopardy rights. We will affirm.

We have specifically held that when a defendant requests a mistrial, even in response to prosecutorial or judicial error, double jeopardy does not bar retrial, unless the error that prompted it was the result of bad-faith conduct by a judge or prosecutorial misconduct. *See United States v. Pharis,* 298 F.3d 228, 243 (3d Cir. 2002). It is not disputed that Dinzey moved for the mistrial. In his brief, Dinzey admits that "In written arguments, defendant sought a dismissal of the case. The [District Court] then granted defendant Dinzey a mistrial and severed him from the case." Appellant's brief at 6. Therefore, the only question before us is whether the underlying error that caused the mistrial was prompted by prosecutorial misconduct or bad faith.

There is none. Dinzey argues that the prosecutor intentionally acted to provoke a mistrial by eliciting testimony of a post-arrest statement defendant Francois made, thereby causing a *Bruton* error. However, there is no evidence on this record to indicate that the prosecutor did anything to provoke a mistrial - indeed the prosecutor opposed Dinzey's motion. The District Court also found that "Dinzey has not presented, nor is the Court aware of, any evidence in the record to suggest that the prosecutor intentionally caused the mistrial." Appendix at 11. Finally, the prosecutor argued against granting a mistrial and asked the District Court to give a curative instruction instead. Supplemental Appendix at 68. Because Dinzey moved for the mistrial and there is no evidence of bad

3

faith, his re-prosecution does not violate any Constitutional proscription.  We will affirm.